UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUAN JOSE BRISENO CASTELLON and LAZARO MORALES URIETA,<br><br>Petitioners,<br><br>v.<br><br>BRUCE SCOTT, Warden of the Northwest ICE Processing Center, and MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security,<br><br>Respondents. | CASE NO. 2:26-cv-03259-TL<br><br>ORDER MOTION FOR ENLARGED BRIEFING SCHEDULE |

This matter is before the Court on the Parties' Joint Motion for Enlarged Briefing Schedule. Dkt. No. 10. While the Court GRANTS the motion, the Court ORDERS that the claims of Lazaro Morales Urieta be severed from those of Juan Jose Briseno-Castellon.

The core focus of the habeas writ is the lawfulness of the individual petitioner's detention. Further, habeas petitioners remain subject to the federal rules governing the joinder of plaintiffs. Under Federal Rule of Civil Procedure 20, persons may join in one action if "they

assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A). Here, the petition raises a challenge to each petitioner's bond hearing, which is inherently an individualized inquiry involving facts specific to each petitioner. Therefore, as they assert a right to relief regarding separate bond hearings, their claims do not meet the requirements of Rule 20 for joinder.

Furthermore, joint petitions "add nothing to judicial efficiency," *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002) but, rather, do the opposite. The District records only one case at the typical habeas "weight" level, when, in reality, the judge is handling multiple cases in one. This, in turn, impacts the ability of the District to adequately staff and otherwise support its caseload. The Judicial Conference uses a district's weighted-filings number as "the primary factor" in determining whether to ask Congress to create more judgeships in a district, and allocates judicial resources "such as law clerk positions, magistrate judgeships, and visiting judgeships, to districts with high numbers of weighted filings." Parth Sagdeo, *Measuring the Work of the Federal District Courts*, 72 Buff. L. Rev. 955, 959 (2025). Permitting joint petitions masks the volume of habeas petitions and undercuts the District's ability to obtain needed resources to manage its caseload.

Accordingly, the Court ORDERS:

(1) Petitioner Lazaro Morales Urieta's claims are DISMISSED from this petition; however, Morales Urieta may file a new case with his own petition.

(2) The Joint Motion for Enlarged Briefing Schedule (Dkt. No. 10) is GRANTED. Respondents SHALL file a response to the amended habeas petition of Juan Jose Briseno-Castellon **no later than October 8, 2026**. Petitioner Briseno-Castellon may file a reply to the response **no later than October 13, 2026**.

(3) The Clerk is DIRECTED to:

(a) remove Petitioner Lazaro Morales Urieta from the docket of this matter; and

(b) re-note this petition for consideration on October 13, 2026.

Dated this 28th day of September 2026.

Tana Lin
United States District Judge